UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

IN RE )
 ) Case No. 06-60961-fra7
DAVID GEORGE RUPPEL, )
 ) MEMORANDUM OPINION
                Debtor.    )

BACKGROUND

The Trustee in this chapter 7 case filed an objection to exemptions claimed by the Debtor in his property to the extent of the amount of a domestic support obligation ("DSO") held by Debtor's ex-wife. The Trustee argues that, even though the Debtor may claim his property as exempt, the Bankruptcy Code provides at 11 U.S.C. § 522(c)(1) that property claimed as exempt remains liable for DSO's and, accordingly, the Trustee should be allowed to liquidate the Debtor's otherwise exempt property for the benefit of the DSO claimant.

MEMORANDUM OPINION - 1

The Debtor filed an objection to the Trustee's objection and a hearing was held on September 20, 2006. The court directed Debtor to file an amended objection/memorandum and offered the State of Oregon the opportunity to file a memorandum. The Debtor and Trustee thereafter filed supplemental memoranda and the State of Oregon filed a Memorandum in Support of the Trustee's Objection to Debtor's Claimed Exemptions. A final hearing was held on December 7 and the matter was taken under advisement.

## ISSUES

1) Does 11 U.S.C. § 522(c)(1)[1] require the trustee to object to claimed exemptions in order to preserve otherwise exempt property for the benefit of a DSO claimant?

2) May the trustee liquidate exempt property for the benefit of a DSO claimant?

## DISCUSSION

11 U.S.C. § 522(c) provides in relevant part that

> Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose . . . before the commencement of the case, except -
>
>    (1) a debt of a kind specified in paragraph (1) or (5) of section 523(a) (in which case, notwithstanding

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated after the effective date (October 17, 2005) of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub.L. 109-8, Apr. 20, 2005, 119 Stat. 23.

MEMORANDUM OPINION - 2

any provision of applicable nonbankruptcy law to the
contrary, such property shall be liable for a debt of a
kind specified in section 523(a)(5)); . . .

A discharge in bankruptcy does not discharge a debtor from a claim arising out of a domestic support obligation, as the term is defined in Sec. 101(14A). Section 523(a)(5). Moreover, exempt property becomes liable for the payment of DSO's after the bankruptcy petition is filed. The question here is whether the Trustee may object to the claimed exemptions on that basis and whether the Trustee is authorized to liquidate that property to pay the DSO claimant. For the following reasons, the Court concludes that the answer to both questions is no.[2]

The Code directs the trustee to "collect and reduce to money the property of the estate for which such trustee serves . . . ." § 704(a)(1). Property of the estate is broadly defined and includes, with certain defined exceptions, "all legal or equitable interests of the debtor in property as of the commencement of the case." § 541(a)(1). However, "[e]xempt property is property of the estate which a chapter 7 trustee cannot liquidate or distribute to creditors holding allowed claims, because it has been withdrawn from the estate for the benefit of the debtor." S & C Home Loans, Inc. v. Farr (In re

---

[2] Due to the procedural posture of the matter under review, the court makes no ruling regarding a DSO claimant's rights during or after a bankruptcy case regarding property exempted by a debtor.

MEMORANDUM OPINION - 3

Mathew Farr), 278 B.R. 171, 177 (9th Cir. BAP 2002)(citing Owen v. Owen, 500 U.S. 305, 308 (1991)).[3] The Panel further noted that "[t]he clear intent of Congress in section 522(c) was to preserve *property exempted* in bankruptcy for satisfaction of tax and support obligations and, if the debtor has no such debts, for the debtor's fresh start." Id.(internal citation omitted; emphasis in original).

Section 522(c)(1)does not provide that property exempted under § 522 loses its exempt status with respect to tax debts and DSO's. Rather, it provides that notwithstanding its exempt status, exempt property remains liable for those debts. Collection of a DSO therefore does not require that claimed exemptions be objected to, and Trustee's objection will therefore be denied. This is in accord with In re Covington, 2006 WL 2734253 (Bankr. E.D.Cal. 2006).

As Debtor's otherwise exempt property does not lose that status pursuant to § 522(c)(1), it is not property of the estate subject to administration by the Trustee. See In re Covington, page 2. BAPCPA enhanced the rights of DSO claimants, but conspicuously did not provide trustees with the additional duty

---

[3] If property has value beyond the amount exempted, however, or if it appreciates beyond the exempt amount post-petition, the nonexempt amount is property which may be administered by the trustee. See In re Hyman, 967 F.2d 1316 (9th Cir. 1992).

MEMORANDUM OPINION - 4

or authority to liquidate exempt property for the benefit of a DSO claimant.[4]

The Trustee seeks to liquidate exempt non-estate property, which is not owed to the estate or unsecured creditors generally, for the benefit of a single creditor. This the trustee may not do, as "there is nothing in . . . the liquidation framework of the Code authorizing a Chapter 7 trustee to collect money not owed to the estate." Williams v. California First Bank, 859 F.2d 664, 667 (9th Cir. 1988)(internal citation omitted).

/ / / / /

/ / / / /

/ / / / /

---

[4] Enhancement of DSO claimants' rights include the following:

1) § 362(b)(2)(B) provides that the holder of a DSO claim may levy on non-estate assets without violating the automatic stay;

2) § 101(14A) provides an expanded definition for domestic support obligation;

3) §§ 523(a)(5) and 1328(a)(2) provide that a discharge in chapter 7, 11, 12, or 13 does not discharge a debt for a DSO;

4) § 507(a)(1)(A) creates a first priority for a DSO for distribution of estate assets by the trustee;

5) § 547(c)(7) excludes payment of a DSO from a trustee's preference action; and

6) § 704(a)(10) requires the trustee to provide notice to a DSO claimant of the claimant's rights to payment in the bankruptcy, information regarding assistance by government agencies in collecting child support during and after the bankruptcy case, and to provide other specified information.

MEMORANDUM OPINION - 5

CONCLUSION

For the foregoing reasons, the Trustee's objection to Debtor's claimed exemptions is denied. An order will be entered by the Court so holding.

FRANK R. ALLEY, III
Bankruptcy Judge